UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESHON EDWARDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL MUSIC GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02373-WHO<br><br>**ORDER GRANTING UNIVERSAL MUSIC GROUP, INC.'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 32 |

Plaintiff Leshon Edwards filed this action on April 8, 2020, and filed a "corrected" Complaint on April 9, 2020. Dkt. Nos. 1, 3. In his original Complaint, Edwards named Universal Music Group, Inc. ("UMGI") as one of five defendants, and asserted causes of action against it for an accounting, fraud and concealment, and unjust enrichment. Dkt. No. 3. On August 21, 2020, UMGI timely moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 18. UMGI's motion was set for hearing before Magistrate Judge Joseph C. Spero. Dkt. Nos. 10 and 17. Thereafter, on September 2, 2020, the Clerk of this Court reassigned the action to me due to the failure of other named defendants to file a consent to proceed before a Magistrate Judge. Dkt. No. 24. Rather than filing an opposition to UMGI's motion to dismiss, Edwards instead filed a First Amended Complaint ("FAC") on September 11, 2020, dropping UMGI as a defendant. Dkt. No. 30.

In light of the FAC, I denied UMGI's pending motion to dismiss without prejudice as moot. Dkt. No. 31. UMGI has now filed another motion to dismiss, asking that it be dismissed *with* prejudice. Dkt. No. 32.[1] Edwards does not oppose dismissal of UMGI, but contends that the

---

[1] I find this motion is suitable for decision without oral argument and VACATE the hearing scheduled for November 4, 2020. Civ. L. R. 7-1(b).

1   dismissal should be *without* prejudice.  Dkt. No. 33.

2         The circumstances in this case are different than the two cases UMGI cites in support of its
3   proposition that dismissal should be with prejudice.  *See Covert v. City of San Diego*, No.
4   15CV2097 AJB (WVG), 2017 WL 1094020, at *4 (S.D. Cal. Mar. 23, 2017) (dismissing
5   defendant with prejudice where it was "unclear as to what other claims [p]laintiff may bring up at
6   a later date," given that the "case ha[d] been going on for over a year," plaintiff "ha[d] already
7   been granted an extension for discovery," as well as leave to amend allegations in the complaint);
8   *Cano v. Glover*, 143 Cal. App. 4th 326, 330 (2006) (interpreting Cal. Civ. Proc. Code § 581(f) and
9   dismissing defendant with prejudice from fourth amended complaint where court sustained three
10  demurrers with leave to amend and plaintiff "was unable to amend the allegations of his complaint
11  to satisfy the court that a cause of action was stated," despite "several opportunities to do so").
12  This case is still in its early stages and I have not addressed the sufficiency of the allegations set
13  forth in any of the complaints.  Accordingly, UMGI's motion to dismiss is GRANTED *without*
14  prejudice.

15        It is unclear whether the remaining defendants have been served with the FAC.  Edwards
16  shall address this issue at the upcoming Case Management Conference scheduled for November
17  17, 2020, for which a Case Management Statement is due on November 10, 2020.

18  **IT IS SO ORDERED.**

19  Dated: October 28, 2020

William H. Orrick
United States District Judge